1 Dec.
631

## ADMINISTRATION OF ESTATES.

[Hamilton Circuit Court.]

Smith, Swing and Cox, JJ.

### IN RE ESTATE OF JOHN F. ULHORN.

NON-RESIDENTS OF THE STATE ARE INELIGIBLE AS ADMINISTRATORS.

Persons who are non-residents of the state are, under the provisions of sec. 6005, Rev Stat., ineligible for appointment as administrators of a decedent's estate.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This case comes here on error from the common pleas, which court affirmed the judgment of the probate court of this county. In the probate court John H. Ulhorn and W. L. Meyer both made application to be appointed administrator of the estate of John F. Ulhorn, deceased. Said court, upon hearing, appointed W. L. Meyer, administrator. A bill of exceptions was taken by John H. Ulhorn, which sets forth the following facts:

"John H. Ulhorn made application to be appointed administrator, with the will annexed, of the estate of John F. Ulhorn, deceased, and Wm. L. Meyer also made application. And this cause coming on further to be heard, by and with the consent of the parties, it is agreed that John F. Ulhorn, deceased, on the twelfth of December, 1891, in the city of Cincinnati, leaving an estate to be administered upon; that said John H. Ulhorn, applicant herein, is a son and next of kin of said decedent; that he resides in Evansville, in the state of Indiana; that W. L. Meyer is not next of kin of said decedent; that he is a creditor of said estate, his claim having accrued since the death of said John F. Ulhorn; that there is no widow of said decedent, and no other next of kin has made application to be appointed as such administrator. This being all that was offered or proved by either party hereto, the court declined to, and did refuse to appoint John H. Ulhorn as such administrator, and did appoint said W. L. Meyer."

Section 6005, Rev. Stat., provides how letters of administration of estates shall be granted, viz., first, the husband, widow or next of kin of the deceased; second, it further provides that if the persons so entitled to administer are incompetent, or evidently unsuitable for a discharge of the trust, or if they neglect without any sufficient cause to take administration of the estate, the court shall commit it to one or more of the principal creditors. The statute does not provide specifically how the court is to be informed upon the questions which may arise under this section, but certainly the court may hear evidence as to the qualifications of persons, and we think the court may act upon such knowledge as it may have had previous to the hearing, or may upon the hearing of the case, from observation of the parties, as to their mental capacity, age, etc. The bill of exceptions says this was all the evidence offered or proved by either party, which

evidence was as above set forth, which, in substance, was that Ulhorn was a resident of and the only next of kin, and Meyer was a creditor.

Error must affirmatively appear. The probate court may have been satisfied that said Ulhorn was not a suitable person to be appointed administrator of said estate, by reason of being a minor, or being mentally or physically incompetent to transact the business pertaining to said administration. In order to have excluded this presumption in favor of the judgment of the court, the bill of exceptions should have contained a statement to the effect that said Ulhorn was a suitable person in all respects to be appointed administrator, except the one which from the argument of counsel we suppose to be the real question upon which the fight is made, to-wit: "That said Ulhorn was a non-resident of the state of Ohio." But we think the court was authorized in refusing to appoint Ulhorn on the grounds of non-residence of the state. Section 601, Rev. Stat., provides that the court may remove at any time any administrator or executor upon twenty days' notice, for drunkenness, gross neglect of duty, incompetency, fraudulent conduct, or removal from the state. Evidently these are cases of removal when ascertained after appointment. If known beforehand by the probate court, why should not they, either of them, be good grounds for the court refusing to appoint the applicant? For instance, suppose the court should be informed of the fact that the applicant was incompetent, or was an habitual drunkard, would not this make the applicant an unsuitable person to be appointed as provided in section 6005? If so, why is not one who is a non-resident of the state an unsuitable person under said section? If he may be removed immediately after his appointment on this ground, why should he not be an unsuitable one to be appointed if he is already a non-resident of the state, provided by the court so found? We think the court would be justified in so doing.

We see no error, therefore, in the judgment of the probate court in refusing to appoint Ulhorn, and in the appointment of said Meyer, and this having been the judgment of the common pleas, that judgment will be affirmed with costs.